ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 20, 2014

The Honorable John T. Hubert
Kleberg and Kenedy Counties District Attorney
Kleberg County Courthouse
Post Office Box 1471
Kingsville, Texas 78364

Opinion No. GA-1059

Re: Whether Code of Criminal Procedure article 59.06 authorizes a district attorney to use asset forfeiture funds in specific circumstances (RQ-1166-GA)

Dear Mr. Hubert:

You ask whether your office may use asset forfeiture funds under article 59.06 of the Code of Criminal Procedure to "purchase a building and land in [your] county, and subsequently rent and/or lease the building and land back to the county or other law enforcement agency"[1] and comply with article 59.06(c)(1)'s requirement that the funds "be used solely for the official purposes of [your] office." TEX. CODE CRIM. PROC. ANN. art. 59.06(c)(1) (West Supp. 2013). You tell us that the property for sale is adjacent to the courthouse and consists of a main building, a vehicle storage building, and an asphalt paved parking lot. See Request Letter at 2. You explain that Kleberg County would rent or lease the parking lot for use by "juries, grand juries, witnesses and the general public" when accessing the courthouse. Id. You also indicate that the Texas Department of Public Safety ("DPS") would potentially "lease part of the land and/or building" to house its Kingsville Highway Patrol office. Id. at 2–3.

Article 59.06 of the Code of Criminal Procedure governs the disposition of property used in the commission of certain criminal offenses and forfeited to a law enforcement agency. See TEX. CODE CRIM. PROC. ANN. art. 59.06 (West Supp. 2013). Article 59.06 authorizes the attorney representing the state[2] to administer all forfeited property in accordance with any local agreement entered into with law enforcement agencies. See id. art. 59.06(a). Under a local agreement, "all money . . . or proceeds from the sale" of forfeited property shall be deposited

---

[1]Letter from Honorable John T. Hubert, Kleberg & Kenedy Cntys. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 22, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]See TEX. CODE CRIM. PROC. ANN. art. 59.01(1) (West Supp. 2013) (defining "attorney representing the state" as "the prosecutor with felony jurisdiction in the county in which a forfeiture proceeding is held"); TEX. GOV'T CODE ANN. § 43.182(b) (West Supp. 2013) (providing that the district attorney for Kleberg and Kenedy counties "shall represent the state in criminal cases" pending in the district courts of those counties).

into one or more of four "special" funds. *Id.* art. 59.06(c). You ask about the special fund set forth in article 59.06(c)(1), which is "for the benefit of the office of the attorney representing the state, to be used solely by the attorney for the official purposes of his office." *Id.* art. 59.06(c)(1). The Legislature recently amended article 59.06 to specify that an expenditure of asset forfeiture funds "is considered to be for an official purpose of an attorney's office if the expenditure is made for an activity of an attorney or office of an attorney representing the state that relates to the preservation, enforcement, or administration" of state laws, "including an expenditure made for" one of nine listed purposes. Act of May 9, 2013, 83rd Leg., R.S., ch. 157, § 1, 2013 Tex. Gen. Laws 595, 597 (codified at TEX. CODE CRIM. PROC. ANN. art. 59.06(d-4)). Your inquiry concerns the purpose described as "facility costs, including building purchase." Request Letter at 1 (quoting TEX. CODE CRIM. PROC. ANN. art. 59.06(d-4)(7) (West Supp. 2013)). You ask us to consider four hypothetical variations on the basic transaction that is the subject of your inquiry in light of these recent legislative amendments. *See id.* at 2. Because your first, third and fourth questions are related, we address them together.

You ask whether your office may "purchase land and a building with asset forfeiture funds" and subsequently do one of three things: (1) "lease the asphalt paved parking lot" to Kleberg County; (2) "sell the building and land" to Kleberg County; or (3) "lease part of the land and/or building" to DPS for its Kingsville highway patrol office. *Id.* at 2–3. At the outset, we note that whether article 59.06 authorizes a particular use of asset forfeiture funds requires investigating and resolving fact questions beyond the scope of the opinion process. Tex. Att'y Gen. Op. No. GA-0122 (2003) at 5. We can, however, provide some guidance concerning article 59.06.

The plain language of article 59.06(c)(1) requires that asset forfeiture funds earmarked "for the benefit of the attorney representing the state" be used "*solely* for the official purposes of his office." TEX. CODE CRIM. PROC. ANN. art. 59.06(c)(1) (West Supp. 2013) (emphasis added). To satisfy article 59.06(c)(1), an expenditure must be made "for an activity" of the attorney or his office, and the activity must "relate[] to the preservation, enforcement, or administration of" state laws. *Id.* art. 59.06(d-4). Article 59.06(d-4) provides a list in subparts (1)–(9) meant to illustrate the kinds of purposes for which an expenditure can be made. *Id.; see Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 25–26 (Tex. App.—Tyler 2000, pet. denied) (applying the definition of the term "includes" from the Code Construction Act to conclude that a list following that term is "for purposes of illustration"); TEX. GOV'T CODE ANN. § 311.005(13) (West 2013) (defining the terms "include" and "including" as "terms of enlargement and not of limitation or exclusive enumeration"). While article 59.06(d-4)(7) authorizes an expenditure for "facility costs, including building purchase," not all facility costs and building purchases are for an official purpose of the prosecuting attorney's office. Only those that "relate to the preservation, enforcement or administration" of state laws through some activity of the prosecuting attorney's office are permitted. TEX. CODE CRIM. PROC. ANN. art. 59.06(d-4)(7) (West Supp. 2013). Because article 59.06(c)(1) permits expenditures of asset forfeiture funds "solely" for such qualifying purposes, the funds may not be used for purposes that do not relate to the preservation, enforcement or administration of state laws through an activity of the district attorney's office. Whether article 59.06 of the Code of Criminal Procedure authorizes a district attorney to use asset forfeiture funds to purchase land and a building for subsequent sale or lease to other entities will depend, therefore, on whether the property's ultimate use is solely for an

activity of the district attorney's office that relates to the preservation, enforcement, or administration of state laws. Based on the facts provided here, it would be difficult for a court to conclude that the purchase and transfer of property to an entity other than the district attorney's office would result in a use that is solely for the official purposes of the district attorney's office.

Our analysis, made in light of recent legislative amendments, does not affect the validity of GA-0613, as you have suggested. *See* Request Letter at 3; *see also* Tex. Att'y Gen. Op. No. GA-0613 (2008) at 8 (concluding that a district attorney may not use asset forfeiture funds to help purchase a juvenile detention facility for a county because "no provision expressly authoriz[es] the Harris County District Attorney to provide for a juvenile detention building"). The fact that the amended statute includes building purchase costs as an example of a permissible expenditure category does not change the requirement that the expenditure have a connection to an official purpose of the district attorney's office. *See* TEX. CODE CRIM. PROC. ANN. arts. 59.06(c)(1), (d-4)(7) (West Supp. 2013). In our view, the recent statutory amendment to article 59.06 clarified existing law but did not expand the scope of permissible expenditures. *See* Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 878, 83rd Leg., R.S. (2013) (stating that the bill "will help provide clarity" regarding forfeited property and "provide[] . . . a clear directive as to what is and is not an authorized use of asset forfeiture dollars."); *see also Comm'n on State Emergency Commc'ns v. Tracfone Wireless, Inc.*, 343 S.W.3d 233, 243 (Tex. App.—Austin 2011) (providing that a "showing, either by legislative history or otherwise, that the intent of the legislature in adopting the amendment in question was to clarify rather than change the statute in question" can override the general presumption that legislative amendments are designed to change rather than clarify an existing statute), *rev'd on other grounds*, 397 S.W.3d 173 (Tex. 2013). Thus, GA-0613 remains valid.

## SUMMARY

A court would be unlikely to conclude that a district attorney may use asset forfeiture funds to purchase land and a building for subsequent sale or lease to other entities as such use of the property would likely not be considered an official purpose of the district attorney's office under article 59.06 of the Code of Criminal Procedure.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee